**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**FELIX ALMANZAR,**

**Plaintiff,**

**-against-**

**MCLANE COMPANY INC., MFS FLEET, INC., MERVANS PETER DESAMEAU,**

**Defendants.**

**1:23-cv-09472 (ALC)**

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge**

This diversity action arises out of a motor vehicle accident that occurred on December 18, 2022. ECF No. 25. Plaintiff Feliz Almanzar commenced this action against Defendants McLane Company Inc., MFS Fleet, inc., and Mervans Peter Desameau, seeking to recover damages under a negligence claim. *See* ECF No. 1-1 ("Complaint"). Defendants move for summary judgement on the issue of liability pursuant to Federal Rule of Civil Procedure 56. For the reasons that follow, Defendants' motion is **DENIED**.

## BACKGROUND

### I. Factual History

The following facts are drawn from the Parties' statements of material facts submitted pursuant to Local Rule 56.1 and the materials submitted in connection with the motion. See ECF Nos. 25, 26, 27. The facts are undisputed unless otherwise indicated. The motor vehicle accident occurred on December 18, 2022, on Amsterdam Avenue in Manhattan near the intersection of West 159th Street, New York, New York. ECF No. 26-3 ¶ 1. At the time of the accident, Desameau was the operator of a tractor-trail truck owned by McLane Company Inc. ("McLane"), driving in the course of his employment with McLane at the time of the accident. ECF No. 26-3 ¶ 2. Desameau

testified that he was on Amsterdam Avenue on his way to make a delivery at Pizza Hut. *Id*. ¶ 3. Desameau testified he was stopped at the subject intersection with his flashers on, waiting for traffic to clear to make a U-turn in with the intention of parking in front of the Pizza Hut on the opposite side of the street. *Id*. The manner in which Desameau was stopped at the light is in dispute. Desameau asserts he had his foot on the brake, with the engine running and at no time placed his vehicle in park while waiting for traffic to clear. ECF No. 25-1 ¶ 4. Plaintiff asserts Desameau was parked for four to five minutes, not simply stopped. ECF No. 26-3 ¶¶ 3-4. When Desameau initially stopped at the light, there was no car parked to the right of him at the corner. *Id*. ¶ 5. It is undisputed that Desameau remained within his lane of travel on Amsterdam at all time. ECF No. 26-3 ¶ 13. While Desameau was stopped at the light, Plaintiff, who was traveling in the opposite direction on the other side of the street, made a U-Turn on Amsterdam. *Id*. ¶ 6. Plaintiff passed Desameau's truck and backed his car through the intersection, parking on the right side of the road at the corner of the intersection near a fire hydrant. *Id*. Plaintiff testified that he believed Defendant's truck to be double-parked to the left of his car prior to the accident taking place. ECF No. 26-3 ¶ 7. Plaintiff testified that he parked his car approximately one foot to the right of the tractor. The remaining facts are in dispute. Defendants assert Plaintiff's car was parked so close to the right side of the tractor that Desameau was unable to see Plaintiff's car stopped there from his position in the driver's seat. ECF No. 25-1 ¶ 8. Plaintiff, however, asserts that Defendant was aware Plaintiff's car was in his blind spot because Desameau testified that he saw Plaintiff's vehicle go around his truck, cross in front of his truck, and park on the right side. ECF No. 26-3 ¶ 8. Dash camera footage from Defendants' vehicle was produced in this case.[1] Defendants' assert the video shows that

[1] While the Parties do not seem to dispute that the video came from Defendants' dashcam, Plaintiff does argue the videos do not show the full extent of what occurred and "were edited to attempt to benefit Defendants." ECF No. 26 at 5. Given the material facts in dispute here, the Court need not rely on its own interpretation of the video's contents in reaching its decision here.

Plaintiff opened his door, extending it into the travel lane before Defendants' truck began to move. ECF No. 25-1 ¶ 11. Defendants further assert that when the light turned green, Desameau began to drive forward and came into contact with the portion of Plaintiff's opened driver's door. *Id*. ¶ 12. Plaintiff, however, asserts the video footage shows that Plaintiff's door was open before Desameau began moving the truck forward. ECF No. 26-3 ¶ 11. Further, Plaintiff asserts the video never shows the light turn from green to red. *Id*. ¶ 12. Rather, the traffic light was already green before Desameau ever began moving the truck forward. *Id*. Defendants assert Plaintiff did not check for traffic to make sure it was safe prior to opening his door into the travel lane. ECF No. 25-1 ¶ 14. Plaintiff disputes this, stating he testified "There was no danger. There was no traffic. There couldn't have been traffic. He (the truck) was right there next to me. So, there were no cars in front of me. It was just him (the truck). And there was no risk or anything. That's the reason why I came out, because they (the truck) were just standing there." ECF No. 26-3 ¶ 14.

## II. Procedural History

On October 27, 2023, Defendants filed a Notice of Removal, removing this matter from the Supreme Court of the State of New York, County of New York. *See* ECF No. 1 ("Notice of Removal").[2] On June 19, 2025, Defendants filed a letter motion requesting a pre-motion conference in anticipation of their summary judgment motion. *See* ECF No. 20. On July 9, 2025, the Court granted Defendants' request, and a pre-motion conference was held on July 31, 2025. *See* ECF No. 21. Following the pre-motion conference, the Court granted Defendants leave to file their motion for summary judgment and set a briefing schedule. *See* ECF No. 22. On September 29, 2025, Defendants filed their motion for summary judgement, along with their memorandum of

[2] The Court has diversity jurisdiction in this action pursuant to 28 U.S.C. § 1332(a). Plaintiff is a resident of New York. *See* ECF No. 1 (Notice of Removal). Defendants are residents of Texas and Pennsylvania. *See id*. The amount in controversy exceeds $75,000. *See id.*

law in support, their Rule 56.1 Statement of Material Facts, and accompanying affidavits and exhibits. *See* ECF No. 25. ON October 27, 2025, Plaintiff filed his memorandum of law in opposition to Defendants' motion for summary judgment, along with his accompanying affidavits and exhibits. *See* ECF No. 26. On November 17, 2025, Defendants filed their reply memorandum of law in support, along with an accompanying exhibit. *See* ECF No. 27.

**LEGAL STANDARD**

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." *Cortes v. MTA New York City Transit*, 802 F.3d 226, 230 (2d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson*, 477 U.S. at 248. Speculation, conclusory allegations, and mere denials are not enough to raise genuine issues of fact. *See National Union Fire Ins. Co. of Pittsburgh, Pa. v. Walton Ins. Ltd.*, 696 F. Supp. 897, 900 (S.D.N.Y. 1988). An issue of fact is "genuine" when a reasonable fact finder could render a verdict in the nonmoving party's favor. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." (internal quotation omitted)).

At summary judgment, the moving party has the burden "to demonstrate that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994). To avoid summary judgment, a party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. When the moving party has met its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Simsbury-*

*Avon Pres. Soc'y LLC v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009). "When the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim. In that event, the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial." *Id.* When a motion for summary judgment is unopposed, a court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)) (internal quotation marks omitted).

"If there are cross-motions for summary judgment, the Court must assess each of the motions and determine whether either party is entitled to judgment as a matter of law." *Gen. Ins. Co. of Am. v. Starr Indem. & Liab. Co.*, No. 14-CV-07354 (JGK), 2016 WL 4120635, at *4 (S.D.N.Y. July 22, 2016) (citing *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993)). "[W]hen both sides move for summary judgment, neither side is barred from asserting that there are issues of fact, sufficient to prevent the entry of judgment, as a matter of law, against it. When faced with cross-motions for summary judgment, a district court is not required to grant judgment as a matter of law for one side or the other." *Heublein, Inc.*, 996 F.2d at 1461 (citation omitted). Instead, the court must "evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Id.* (citation omitted).

In deciding a summary judgment motion, courts must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Niagara Mohawk Power Corp. v. Jones Chemical Inc.*, 315 F.3d 171, 175 (2d Cir. 2003). Courts

may not assess credibility, nor may they decide between conflicting versions of events because those matters are reserved for the jury. *See Jeffreys v. City of New York*, 426 F.3d 549, 553–54 (2d Cir. 2005). However, "[t]he mere existence of a scintilla of evidence in support of the [nonmovant]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Id.* (citing *Anderson*, 477 U.S. at 252). "Summary judgment is difficult to obtain in negligence actions because whether conduct is 'negligent' is a factual determination in all but the most extreme situations." *Du v. Party Perfect Rentals LLC*, 724 F. Supp. 3d 68, 72 (E.D.N.Y. 2024) (internal citation and quotation omitted).

**DISCUSSION**

As this is a case where jurisdiction is based upon diversity, the Court must apply the substantive law of the forum state. *See Travelers Ins. Co. v. 633 Third Assocs.*, 14 F.3d 114, 119 (2d Cir. 1994). Accordingly, New York state law applies in assessing the negligence claim. *See Du v. Party Perfect Rentals LLC*, 724 F. Supp. 3d at 73 (citing *MasterCard Int'l Inc. v. Nike, Inc.*, 164 F. Supp. 3d 592, 604 (S.D.N.Y. 2016). "To establish a *prima facie* case of negligence under New York law, the plaintiff must demonstrate '(i) the existence of a duty of care owed by the defendant to the plaintiff, (ii) breach of that duty, and (iii) damages or injury proximately caused by the defendant's breach.'" *Kissoon v. Wal-Mart Real Est. Bus. Tr.*, No. 24-2822, 2025 WL 3119444, at *1 (2d Cir. Nov. 7, 2025) (quoting *Curly v. AMR Corp.*, 153 F.3d 5, 13 (2d Cir. 1998)). "A 'defendant's negligence qualifies as a proximate cause where it is a substantial cause of the events which produced the injury.'" *Dooley v. United States*, 83 F.4th 156, 162 (2d Cir. 2023) (internal citation omitted). "[A] violation of a [s]tate [or federal] statute that imposes a specific duty constitutes negligence *per se*." *Gutierrez v. Reilly*, 816 F. Supp. 3d 274, 281 (E.D.N.Y. 2026) (internal quotations and citation omitted). Indeed, New York's Vehicle and Traffic Law ("VTL")

"defines the duties of motorists, and '[a] violation of the [VTL] constitutes negligence as a matter of law.'" *Dooley v. United States*, 83 F.4th at 163 (internal citation omitted). "'[W]hen a defendant violates a statute that defines the degree of care to be used under certain circumstances, the violation constitutes negligence *per se* if (1) it causes the injury, (2) the plaintiff is a member of the class intended to be benefited by the statute, and (3) the statute is intended to protect against the very hazard that caused the plaintiff's injury.'" *Du v. Party Perfect Rentals LLC*, 724 F. Supp. 3d at 73.

Under New York, the VTL "'impose[s] a duty upon drivers to operate their vehicles with reasonable care taking into account the actual and potential dangers existing from weather, road, traffic, and other conditions.'" *Id*. (quoting *Vaselli v. United States*, No. 12-CV-06221, 2014 WL 4961421, at *5 (E.D.N.Y. Oct. 3, 2014). Indeed, "[t]his longstanding duty requires drivers to maintain a reasonably safe rate of speed, have the automobile under reasonable control, to keep a proper lookout under the circumstances then existing to see and be aware of what was in their view, and to use reasonable care under the circumstances to avoid an accident." *Id*. New York VTL Section 1214 provides as follows:

> "No person shall open the door of a motor vehicle on the side available to moving traffic unless and until it is reasonably safe to do so, and can be done without interfering with the movement of other traffic, nor shall any person leave a door open on the side off a vehicle available to moving traffic for a period of time longer than necessary to load or unload passengers."

Defendants argue Plaintiff is at fault because he "placed himself in an area where he was not visible to the defendant, where he was not legally allowed to park (in front of a fire hydrant and close to the corner), and opened his door into the traffic lane without ensuring it was safe to do so in violation of NY VTL Section 1214." ECF No. 25-8 at 4. Defendants argue they establish "prima facie, that Mr. Desameau was not negligent in simply moving forward within his lane when

the light turned green, and that his actions were not the approximate cause of the plaintiff's alleged injuries." ECF No. 25-8 at 4-5. This argument is unavailing. First, Defendants have not established that the truck "merely drove forward when the light turned green." ECF No. 25-8 at 4. Indeed, Defendants concede that the truck was stopped for four to five minutes, waiting for traffic to clear at the intersection in order to make a U-turn. ECF No. 27 at 2. This alone is an issue of triable fact precluding summary judgment here. A reasonable juror could believe Plaintiff's version of events— that Plaintiff had no reason to believe Desameau was going to drive forward at the moment he did because he believe the truck was parked as it had been stopped for four to five minutes without moving.

"Under New York law, 'evidence of negligence is not enough by itself to establish liability, for it must also be proved that the negligence was approximate, or legal, cause of the event that it produced the harm sustained by the plaintiff." *Dooley v. United States*, 83 F. 4th at 164. Even if Defendants established that Plaintiff was negligent in opening his door into the traffic lane, "[a] determination that one party in a dooring accident acted negligently . . . does not settle the dispute as 'there may be more than one proximate cause of an injury.'" *Dooley v. United States*, 83 F. 4th at 163. To this end, Plaintiff argues Desameau is liable for the accident because he violated VTL Section 1162 which provides that "[n]o person shall move a vehicle which is stopped, standing, or parked unless and until such movement can be made with reasonable safety." ECF No. 26 at 4. Defendants argue Plaintiff's car was in Desameau's blindspot and thus he had no reason to believe it was not safe to drive forward. ECF No. 25-8 at 4. Plaintiff, however, argues that Desameau testified he saw Plaintiff backup into the lane right next to the truck, and thus, at the very least, should have thought to check to see if the car was still in that spot. As there are genuine disputes as to the material facts surrounding the moments leading up to the accident, Defendants have failed

to meet their burden and are not entitled to summary judgement. The unresolved factual disputes here are best left for a jury to decide.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is hereby **DENIED.** The Clerk of the Court is respectfully directed to terminate the pending motion at ECF No. 25. The parties are ordered to file a joint status report regarding the progress of settlement discussions by **September 28, 2026**.

**SO ORDERED.**

**Dated: September 1, 2026**

**New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**